UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN I. JOHNSON,

       Plaintiff,

v.                                  Case No. 1:14-cv-1202

COMMISSIONER OF SOCIAL          Hon. Ray Kent
SECURITY,

       Defendant.

_____/

## OPINION

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

       Plaintiff was born in 1959.  PageID.228.  She completed the 11th grade and had previous employment as a cashier and caregiver.  PageID.231. Plaintiff alleged a disability onset date of January 1, 2002, which she later amended to May 1, 2010.  PageID.38, 228.  Plaintiff identified her disabling conditions as depression and bipolar disorder.  PageID.230.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on July 12, 2013.  PageID.38-47.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

       This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C.

§405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she

2

> is not currently engaged in "substantial gainful activity" at the time she seeks
> disability benefits. Second, plaintiff must show that she suffers from a "severe
> impairment" in order to warrant a finding of disability. A "severe impairment" is one
> which "significantly limits . . . physical or mental ability to do basic work activities."
> Third, if plaintiff is not performing substantial gainful activity, has a severe
> impairment that is expected to last for at least twelve months, and the impairment
> meets a listed impairment, plaintiff is presumed to be disabled regardless of age,
> education or work experience. Fourth, if the plaintiff's impairment does not prevent
> her from doing her past relevant work, plaintiff is not disabled. For the fifth and final
> step, even if the plaintiff's impairment does prevent her from doing her past relevant
> work, if other work exists in the national economy that plaintiff can perform, plaintiff
> is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended onset date of May 1, 2010 and that she met the insured status requirements of the Act through March 31, 2011. PageID.40.  At the second step, the ALJ found that plaintiff had severe impairments of major depressive disorder, bipolar disorder, and anxiety disorder.  *Id.*  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.42.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she would be limited to doing only simple, routine work on a sustained basis that is performed in a low-stress work environment with no production-rate quotas or fast-paced production work and with only occasional workplace changes; requiring no more than brief superficial contact with coworkers and supervisors and no contact with the general public; and requiring no travel in the job.

PageID.43.  The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.46.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at all exertional levels in the national economy.  PageID.46-47.  Specifically, plaintiff could perform the following unskilled jobs: office helper (11,000 jobs in the region and 330,000 jobs in the nation); production inspector (5,400 jobs in the region and 110,000 jobs in the nation); and cleaner (6,000 jobs in the region and 250,000 jobs in the nation).[1]  PageID.47.

---

[1] The ALJ's decision does not identify the region.  However, at the administrative hearing, the vocational expert defined the region as the Lower Peninsula of Michigan.  PageID.94.

4

Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from May 10, 2010 (the amended alleged onset date) through July 12, 2013 (the date of the decision). *Id.*

### III. ANALYSIS

Plaintiff raised two issues with sub-issues on appeal.

**A.    The ALJ failed to comply with 20 C.F.R. § 404.1527 by not considering plaintiff's treating psychologist a "medical source," and by failing to give adequate weight to her opinion.**

> **1.    The ALJ should have found that a limited license psychologist is a treating source.**
>
> **2.    Had he addressed and given proper weight to Ms. Phelp's opinion, he would have found plaintiff disabled under Listing 12.04.**
>
> **3.    When the ALJ chose to not give Ms. Phelp's opinion controlling weight, he committed reversible error by not addressing the criteria in 20 C.F.R. 404.1527(d).**

Plaintiff contends that Shelly M. Phelps, M.A., L.L.P., should be treated as an acceptable medical source rather than an "other" medical source. The Court disagrees. An "acceptable medical source" receives special deference. *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). The regulations define an "acceptable medical source" as licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. §§ 404.1513(a) and 416.913(a). A treating source who is not an "acceptable medical source" is deemed an "other source." *See* 20 C.F.R. §§ 404.1513(d) and 416.913(d). An other medical source may provide probative evidence, but is due no special

5

deference. *See* 20 C.F.R. §§ 404.1513(d) and 416.913(d) ("we may also use evidence from other sources to show the severity of your impairment(s)").

In the present case, Ms. Phelps was a "limited licensed psychologist," not a "licensed psychologist."  In Michigan, an individual with a master's degree in psychology may obtain a "limited" psychology license.  M.C.L. § 333.18223(b)(2) (authorizing such licenses).  A "limited psychologist" normally must be supervised, and does not need a doctorate.  *Id*.  In *Richardson v. Commissioner of Social Security*, No. 1:12-cv-776, 2013 WL 5211245 (W.D. Mich. Sept. 16, 2013), *affirmed* 570 Fed. Appx, 537 (6th Cir. 2014), this Court determined that a limited licensed psychologist is not an acceptable medical source under the regulations:

> Plaintiff contends that the ALJ gave little or no weight to a treating source, whom plaintiff refers to as "Dr. Maureen Fabiano, the treating psychologist," "Dr. Fabiano," "M.A. Fabiano," and "Dr[.] Maureen Fabiano."  Plaintiff's Brief at pp. 3, 11–13.  The record reflects that Ms. Fabiano is not a doctor, but rather holds a master's degree and is a limited licensed psychologist "MA/LLP" (AR 532).
>
> \*       \*       \*
>
> The ALJ could properly discount Ms. Fabiano's opinions because she is not an acceptable medical source under 20 C.F.R. § 416.913(a) (defining acceptable medical sources as licensed physicians, licensed or certified psychologists, licensed optometrists (for establishing visual disorders only), licensed podiatrists (for establishing impairments of the foot, or foot and ankle only), and qualified speech-language pathologists (for establishing speech or language impairments only). While Ms. Fabiano's opinions can be considered as evidence from an "other" medical source, they are not entitled the weight given to the opinion of an "acceptable medical source" such as a doctor.  *See* 20 C.F.R. § 416.913(d) (1) (evidence from "other" medical sources includes information from nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists and therapists).  *See also*, *Gayheart*, 710 F.3d at 378 (psychological therapist is not an acceptable medical source under the regulations); *Shontos v. Barnhart*, 328 F.3d 418, 425–26 (8th Cir.2003) (nurse practitioner is not an acceptable medical source under § 404.1513(a), but can be considered as an "other" medical source under 20 C.F.R. § 404.1513(d)(1));  *Nierzwick v. Commissioner of Social Security*, 7 Fed.

Appx. 358, 363 (6th Cir.2001) (physical therapist's report not afforded significant weight because the therapist is not recognized as an acceptable medical source).

Pursuant to Social Security Ruling (SSR) 06–3p, opinions from other medical sources, such as nurse practitioners, physicians' assistants and therapists "are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." *See* SSR 06–3p. The ALJ evaluated and then properly discounted Ms. Fabiano's opinions consistent with SSR 06–3p. Accordingly, plaintiff's claim of error should be denied.

*Richardson*, 2013 WL 5211245 at *7-8 (footnote omitted).

In affirming this decision, the Sixth Circuit rejected plaintiff's claim that the ALJ improperly evaluated the opinion of limited licensed psychologist Fabiano:

Richardson next argues that the ALJ erred by discounting the medical opinions of examining psychologist Dr. J. Keith Ostien and case worker Maureen Fabiano, who both concluded that Richardson had significant work-related limitations in mental functioning. The ALJ reasonably gave little weight to the medical opinion of Ms. Fabiano *because she is not a physician* and her conclusion that Richardson had significant impairments conflicted with other substantial evidence in the record, including Richardson's 2008 mental health assessment, Fabiano's own treatment notes, and Dr. Pinaire's opinion. Likewise, the ALJ reasonably discounted Dr. Ostien's opinion because it was given after a single evaluation and his conclusions were based largely on Richardson's vague statements concerning his circumstances and condition.

*Richardson v. Commissioner of Social Security*, 570 Fed. Appx. 537, 538-39 (6th Cir. 2014) (emphasis added).

Finally, in *Smith-Johnson v. Commissioner of Social Security*, 579 Fed. Appx, 426 (6th Cir. 2014), a case in which the plaintiff took the opposite position as asserted in here (i.e., that an LLP who issued an unfavorable opinion was *not* an acceptable medical source), the court explained that in evaluating an opinion prepared by a limited licensed psychologist, the "acceptable medical source" is not the limited licensed psychologist, but rather the supervising licensed psychologist who co-signed the opinion:

7

On April 29, 2008, Smith–Johnson submitted to a psychological evaluation by Mary P. Koopman, a licensed professional counselor and limited licensed psychologist, which was cosigned by P. Douglas Callan, Ph.D., a licensed psychologist.

*       *       *

Although Smith-Johnson takes issue with the consideration of Koopman's report because she is not an "acceptable medical source," she makes no attempt to explain why a report that is co-signed by an acceptable medical source (a licensed psychologist) cannot be considered. Even assuming, however, that the report does not come from an acceptable medical source, the regulations plainly permit consideration of that report. Specifically, the objective findings in the report are properly considered because they are relied upon by Dr. Kriauciunas, a non-examining state agency consultant whose opinion should be given weight only "insofar as [it is] supported by evidence in the case record." SSR 96–6p; *see also* 20 C.F.R. § 404.1527(c)(3)-(4). Koopman's opinions also are properly considered under the regulations that require evaluation of every medical opinion "[r]egardless of its source," and that permit "other sources" to be used to determine severity. 20 C.F.R. §§ 404.1513(d), 404.1527(c).

*Smith-Johnson*, 579 Fed. Appx. at 427, 435. Accordingly, plaintiff's claim of error is denied.

**B.     The ALJ's residual functional capacity finding is not supported by substantial evidence under 20 C.F.R. § 404.1520a and SSR 98-6p.**

**1.     The ALJ did not consider psychologist Shelly Phelps' treatment or opinion in determining plaintiff's RFC.**

**a.     Even if Ms. Phelps was not a medical source, her opinion was entitled to controlling weight.**

**b.     In the absence of giving Ms. Phelps' opinion controlling weight, the ALJ committed reversible error by not addressing 20 C.F.R. 404.1527(d), in part, because his RFC finding was more restrictive than her opinion.**

RFC is a medical assessment of what an individual can  do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable

8

impairments.  20 C.F.R. §§ 404.1545 and 416.945.  It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).  Plaintiff contends that the ALJ failed to include Ms. Phelps' opinion in developing the RFC.  The ALJ noted that Ms. Phelps was  a counseling psychology intern and addressed her opinions as follows:

> At the request of the claimant's representative, Ms. Phelps gave a 7-page summary of her treatment of the claimant and her answers on the mental residual functional capacity form, which showed seriously limited (noticeable difficulty from 11 to 20 percent of the workday or workweek) to unable to meet competitive standards (noticeable difficulty from 21 to 40 percent of the workday or workweek) in many areas.  She also indicated the claimant had marked (more than moderate, but less than extreme) restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; and one or two episodes of decompensation within a 12-month period, each of at least two weeks duration (Exhibit 8F).

> *            *            *

> As for the opinion evidence, little weight is given to the medical opinion of Ms. Phelps, who identified herself as a "Masters level temporary limited licensed psychologist," (Exhibit 8F).  In her statement, Ms. Phelps says she meets mental listings, both B and C.  The medical evidence of record does not support that conclusion.  Greater weight is given to the assessment of William Schirado, Ph.D., who reviewed the mental evidence for the Disability Determination Services (DDS) (Exhibits lA and 3A).  No weight is given to the opinion of Dr. Shanna Tanna, who reviewed the medical evidence for the DDS and found the claimant capable of [sic] and who limited the claimant to less than the full range of light physical exertion (Exhibits lA and 3A).

PageID.45.

The regulations provide that the agency will evaluate every medical opinion received "[r]egardless of its source," and that unless a treating source's opinion is given controlling weight, the agency will consider the factors set forth in §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6) in deciding the weight given to any medical opinion.  *See* 20 C.F.R. §§ 404.1527(c) and 416.927(c).

While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004), this articulation requirement does not apply when an ALJ evaluates the report of a medical source who is not a treating, acceptable medical source. *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007). However, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted). Based on the record before the Court, the ALJ's decision met that standard. Accordingly, plaintiff's claim of error is denied.

> **2.     The ALJ's credibility finding is not supported by substantial evidence in the record because he failed to give adequate reasons for finding plaintiff less than fully credible and his findings are not supported by substantial evidence.**

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of*

*Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The ALJ evaluated plaintiff's credibility as follows:

The claimant's allegations of disabling impairments are not found to be fully credible. Although she was homeless for a period, she now lives alone in a rent-subsidized apartment for seniors, gets assistance with electric and heat bills, maintains the household, and drives. She takes care of her dog. She reported having no trouble reading and writing, but does not use a computer. She reported that her weight is stable and she takes her medications as prescribed. She attempted to work on a part-time basis after the alleged onset date, but stated she was fired. She denied any problems with alcohol or drugs.

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

PageID.45.

The Court agrees with plaintiff's statement that while "the ALJ found that Plaintiff was not credible for 'reasons explained in this decision' . . . the ALJ never actually explained why he did not find Ms. Johnson fully credible." PageID.532. The Court would add that the ALJ did not identify the nature of plaintiff's alleged disabling impairments. The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting

11

particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984).   Here, the Court cannot trace the path of the ALJ's reasoning with respect to the credibility determination.   Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).   On remand, the Commissioner should re-evaluate plaintiff's credibility.

> **3.    The RFC finding did not include all plaintiff's well-documented impairments.**

Plaintiff's brief did not address this alleged error.   Accordingly, the Court deems this issue waived.   *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

## IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).   On remand, the Commissioner is directed to re-evaluate plaintiff's credibility. A judgment consistent with this opinion will be issued forthwith.


Dated:  March 24, 2016                         /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge